Dear Dr. Cherry:
We are in receipt of your request for an Attorney General's opinion regarding the interpretation of a statute pertaining to the governing board of the Louisiana Health Care Authority (LHCA).
Your letter states that, in addition to being subject to the Code of Ethics, local board members of the LHCA are also subject to LSA-R.S. 46:705(L), which prohibits a member of the board from owning or having any interest in any public or private organization, business, company, or entity conducting business with the LHCA, with exceptions. You also state that a member of the local board of Washington — St. Tammany Regional Medical Center, an LHCA facility, has notified the Administrator that she has recently entered into a contract with the Division of Administration through the Office of Risk Management (ORM). She will be working with the ORM claims adjusters and counsel by providing investigative services in the area of medical malpractice defense. It is possible that this contract will result in the local board member providing investigative services involving the defense by ORM of one of the LHCA medical centers.
Specifically, you have requested an opinion which interprets several phrases in R.S. 46:705(L), such as "conducting business of any kind" and "have any interest or part".
LA-R.S. 46:705(L) states:
 L. No member of a local board shall own or have any interest or part in any public or private organization, business, company, or entity conducting business of any kind with the Louisiana Health Care Authority or any medical center. However, this provision shall not apply to any organization representing employees.
As we can find no definition for the phrases "have any interest or part" or "conducting business of any kind" in Title 46 of the Louisiana Revised Statutes, we will refer to the definitions of the Louisiana Code of Ethics for guidance. The Code of Ethics defines the terms "controlling interest" and "substantial economic interest".
A controlling interest means ownership by an individual or his spouse, either individually or collectively, of an interest which exceeds twenty-five percent of any legal entity, and a substantial economic interest means an economic interest which is of greater benefit to the public servant or other person than to a general class or group of persons, with exceptions. Both of these terms are based on a financial interest; however, interest can also be in land. See Black's Law Dictionary, Fifth Edition. Black's provides several definitions of the term "business", which generally means "employment, occupation, profession, or commercial activity engaged in for gain or livelihood."
Without a legislative definition of the phrases in question, we will refrain from providing a definition to the phrases "have an interest or part" and "conducting business of any kind". However, we will opine on the applicability of R.S. 46:705(L) to the facts of this matter.
The facts you have presented in this matter are that a local board member is contracting with ORM to provide investigate services for the defense by ORM of one of the LHCA medical centers. It is our opinion that such a contract does not equate to an "interest" in ORM. ORM is certainly "conducting business" with the LHCA, however, the first condition of R.S. 46:705(L) is not met through the issuance of a contract. The local board member is merely being paid for services rendered and is not gaining an interest in ORM.
In sum, it is our opinion that the facts presented in this matter do not violate the provisions of R.S. 46:705(L), however, this matter should also be brought to the attention of the Louisiana Board of Ethics for Public Officials for their legal opinion as to any other violations under the Ethics Code.
If we can be of further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL:pb/0266s